**Jennie VUCINICH, Appellant,**

v.

**PAINE, WEBBER, JACKSON & CURTIS, INC., a Delaware corporation, and Philip F. Moore, Appellees.**

No. 83–5946.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1984.

Decided Aug. 7, 1984.

Allen J. Capeloto, Richard L. Rubin, Capeloto & Rubin, San Francisco, Cal., Robert L. Kramer, Palm Springs, Cal., for appellant.

Charles Siegal, Munger, Tolles & Rickershaueser, Los Angeles, Cal., for appellees.

Before BROWNING, Chief Judge, and GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM.

Jennie Vucinich sued Paine, Webber and the firm's employee, Moore, alleging that she had sustained losses caused by the defendants' investment advice. The district court ruled in favor of defendants on motions for summary judgment and dismissal and plaintiff appealed. We affirm in part and reverse in part.

In 1977, Vucinich sought advice from Philip F. Moore on how best to hold a portfolio of stocks and mutual fund shares she had inherited. Moore provided her with published materials and suggested, on the basis of his and others' prognostications as to market trends, that she invest in short positions, a strategy designed to capitalize on a falling stock market. Between January and July 1978, Moore, with Vucinich's prior approval, sold her portfolio of securities and used the money to open short positions in eleven securities. In addition, he recommended that she use the proceeds from an inherited parcel of real estate to purchase a retirement annuity.

Contrary to Moore's predictions, the market remained relatively constant from the middle of 1977 through the beginning of 1980. During this time, Moore continued to advise Vucinich to hold her short positions in anticipation of a downtrend, which she did except when sale was necessary to meet a margin call. Finally, during 1980, Vicinich, again on Moore's advice, began selling off her positions and in September 1980, closed the account. By that time, her balance had been reduced from approximately $40,000 to $8,273.93.

Vucinich brought this action alleging breach of § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), and S.E.C. Rule 10b–5, 17 C.F.R. 240.10b–5, common law fraud, negligence and negligent failure to supervise.

### I. Scienter

*Scienter*, defined as an intent to deceive or defraud, is an element of a § 10(b) and Rule 10b–5 claim. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). This court has interpreted scienter to include recklessness. *Nelson v. Serwold*, 576 F.2d 1332, 1338 (9th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Rather than being "merely a greater degree of ordinary negligence," recklessness is closer to "a lesser form of intent." *Pegasus Fund, Inc. v. Laraneta*, 617 F.2d 1335, 1341 (9th Cir.1980), *citing Sanders v. John Nuveen & Co.*, 554 F.2d 790, 793 (7th Cir. 1977).

The scope of duty owed under Rule 10b–5 is to be determined from a number

of factors. Among these are the relationship between the advisor and the client, their relative access to information, the benefit derived from the relationship by the defendant, defendant's awareness of plaintiff's reliance on him and defendant's activity in initiating the transactions at issue. *See Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 813 (9th Cir.1981). All of these factors are to be considered in determining whether an actor is reckless.

Vucinich presented evidence to the district court supporting her claim that the defendants owed her a high duty of care and had been reckless in fulfilling that duty. Her deposition states that she was not experienced in the market, was unaware of the risks of the short sell investment, and relied extensively on the advice of her broker, even when the equity in the account started to fall. Her expert testified in his deposition that the investment scheme was speculative and the broker's advice was improper without fuller disclosure.

Vucinich argues that the actions of defendants show that they were reckless as a matter of law. She points first to Moore's recommendation of holding short positions after having had her fill out a client profile on which she listed her highest priority as maximizing capital gains and her lowest as speculation. Further, she relies on the failure of Paine, Webber's office manager to refer to the client profile in approving the opening of her short positions. Moreover, plaintiff argues that she should have been informed that the recommended strategy was "speculative."

▉▉▉ Summary judgment is appropriate only where there are no genuine issues of material fact and where the moving party is entitled to prevail as a matter of law when the evidence is viewed in the light most favorable to the party opposing the motion. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982). Summary judgment is generally inappropriate when mental state is an issue, unless no reasonable inference supports the adverse party's claim. *Id.* at 1298–99. A plaintiff, however, must offer more than conclusory allegations, and if the defendant presents affidavits or other evidence establishing a lack of scienter, the plaintiff must come forward with some affirmative showing. *See Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1220 (9th Cir.1980). We find that the facts before the court were sufficient to raise factual questions as to defendant's state of mind and the factors determinative of the duty owed the plaintiff. Summary judgment was therefore inappropriate on this issue and we reverse.

## II. Statutes of Limitation

Defendants contend that both the federal and state claims are barred by the applicable statutes of limitation. A three-year statute governs the federal securities and common law fraud claims, Cal.Civ.Proc. Code § 338(4) (West Supp.1984), *Briskin v. Ernst & Ernst*, 589 F.2d 1363, 1365 (9th Cir.1978), while a two-year period applies to the negligence and breach of fiduciary duty claims. Cal.Civ.Proc.Code § 339(1) (West Supp.1984).

Vucinich filed suit in June 1982. More than three years prior to this date, she had become aware that the market was running against her. Additionally, she had been receiving monthly statements which, had she been able to interpret them, would have indicated that the value of her account was declining. She claims, however, that she could not decipher the statements and that she relied on Moore's continuing reassurance that a longer time was needed to realize gains from his strategy. By June 1980 Vucinich had received several margin calls, requiring her to liquidate certain stocks. Also by this date, she had been independently told by a friend that short positions were speculative.

▉▉▉ The statutes of limitations begin to run when one should have been put on notice of the fraud or misrepresentation. Under California law, the statute of limitations may be tolled by a broker reassuring his client on concerns relevant to the possible misrepresentation. *See Twomey v. Mitchum, Jones and Templeton, Inc.*, 262 Cal.App.2d 690, 723–29, 69 Cal.Rptr. 222

(1968). Whether the events existing as of June 1979 and June 1980 were sufficient to put Vucinich on notice and whether the reassuring statements of defendant reasonably affected that notice is a disputed question of fact requiring determination by the district court.

Reversed and remanded.