**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Jack E. BLACK, A.D. Black, Don Cies, George L. Cross, Raymond T. Foor, Charles Hooper, Jerry D. Alley, E. Koehler Thomas and William R. Bourn, Defendants.**

**No. CIV–90–1332–W.**

United States District Court, W.D. Oklahoma.

Oct. 15, 1991.

Daniel J. Glover, Donna Nix Blakley, Kirk D. Fredrickson, Watson & McKenzie, Oklahoma City, Okl., for plaintiff.

Merrilyn L. Blackburn, John D. Hastie, Robert D. McCutcheon, John W. Swinford, Jr., Hastie & Kirschner, Oklahoma City, Okl., for defendants.

## ORDER

LEE R. WEST, District Judge.

This matter comes before the Court upon the motion of the defendants, Jack E. Black, A.D. Black, Don Cies, George L. Cross, Raymond T. Foor, Charles Hooper, Jerry D. Alley, E. Koehler Thomas and William R. Bourn, to dismiss counts I, II and VI of the First Amended Complaint of the plaintiff, Federal Deposit Insurance Corporation ("FDIC"). The defendants seek to dismiss counts I, II and VI, pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the basis that the allegations in those counts fail to state a claim upon which relief may be granted. Upon consideration of the defendants' motion, the FDIC's response and the defendants' reply, the Court finds that the motion should be DENIED.

The sole issue for the Court's determination is whether 12 U.S.C. § 1821(k) precludes the FDIC from alleging causes of action against the defendants, who are former bank directors and officers of the now insolvent American Exchange Bank & Trust Company, based upon conduct amounting to less than gross negligence. Section 1821(k), which codifies Section 212(k) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 103 Stat. 183, provides:

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—

(1) acting as conservator or receiver of such institution,

(2) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or

(3) acting based upon a suit, claim or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,

for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

The defendants contend that Section 1821(k) establishes a federal standard of liability for directors and officers of federally insured depository institutions in all civil actions brought by the FDIC for money damages. The defendants contend that under this statute, the FDIC may sue bank directors and officers for money damages only if their alleged conduct amounts to or exceeds gross negligence. According to the defendants, Section 1821(k) preempts all state laws which provide for causes of action based upon a lesser degree of fault. As a result, the defendants contend that counts I, II and VI of the First Amended Complaint, which are premised upon conduct amounting to less than gross negligence, must be dismissed.

In response, the FDIC asserts that Section 1821(k) only preempts those state laws which immunize bank directors and officers from liability for grossly negligent

or intentional tortious conduct. The FDIC asserts that Section 1821(k) does not preempt those state laws which provide for causes of action based upon conduct less than gross negligence. It maintains that the first sentence of Section 1821(k) is nonexclusive and that the second and final sentence of Section 1821(k) preserves the FDIC's right to allege causes of actions against bank directors and officers for conduct which amounts to ordinary negligence. Thus, the FDIC contends that counts I, II and VI should not be dismissed.

Few courts have addressed the issue now raised before the Court, and those courts who have addressed the issue have taken diametrically opposed positions. However, all of the courts have relied upon the plain language of Section 1821(k). In *Gaff v. Federal Deposit Insurance Corp.*, 919 F.2d 384 (6th Cir.1990), *F.D.I.C. v. Canfield*, 763 F.Supp. 533 (D. Utah 1991), and *F.D.I.C. v. Swager*, 773 F.Supp. 1244 (D.Minn.1991), the courts concluded that the plain language of Section 1821(k) creates a federal standard of liability for directors and officers of federally insured depository institutions and precludes the FDIC from alleging causes of action against bank directors and officers based upon state law for conduct not amounting to gross negligence or a higher degree of fault. The courts in *Canfield* and *Swager* specifically concluded that the phrase "other applicable law" in the final sentence of Section 1821(k) referred to other FIRREA sections or applicable law other than state law. These courts concluded that had Congress intended to include state law in that phrase, it would have specifically referred to state law as it did in the first sentence. In addition, they rejected the FDIC's interpretation of Section 1821(k) because such interpretation expanded the FDIC's enforcement powers. The courts concluded from the statute's plain language that Congress intended Section 1821(k) to impair the FDIC's rights rather than broaden them. As stated by the court in *Canfield*, "[i]f nothing in the paragraph impairs or affects any right of the Corporation under other applicable law, § 1821(k) must be the applicable law which does impair the rights of the Corporation. The phrase 'other applicable law' has no meaning unless, as urged by defendants, there is some applicable law under which the rights of the FDIC are impaired. This court believes Congress intended § 1821 to be that impairing legislation".

In *F.D.I.C. v. Baker*, No. SA CV 89–386 AHS (RWRx), slip op. (C.D.Cal. June 24, 1991), *F.D.I.C. v. Haddad*, No. 90–0779–CIV, slip op. (S.D.Fla. Nov. 28, 1990), *F.D.I.C. v. Burrell*, 779 F.Supp. 998 (S.D.Iowa 1991), and *F.D.I.C. v. McSweeney*, 772 F.Supp. 1154 (S.D.Cal.1991), the courts held that the plain language of Section 1821(k) authorizes the FDIC to bring civil actions against bank directors and officers based upon a state law which provides liability for conduct amounting to less than gross negligence. The courts concluded that the final sentence which states "[n]othing in this paragraph shall impair or affect any right of the Corporation under other applicable law" clearly indicates that state laws which provide for a lesser standard of liability are not preempted by the first sentence of Section 1821(k). In *McSweeney*, the court specifically found that the plain language of Section 1821(k) did not indicate exclusivity. In support of its finding, the court pointed to the use of the term "may" in the first sentence. Reading the first sentence as nonexclusive, the court found that "the second sentence follows logically; notwithstanding the permissive authority granted in the first sentence, it is not intended to bar the FDIC's use of 'other applicable law'". The court concluded that if the first sentence were presumed exclusive, the second sentence would become mere surplusage which would contravene "the elementary canon of construction that a statute should be interpreted so as no to render one part inoperative" [citation omitted]. *Id.* at 1158.

In support of its decision, the *McSweeney* court also pointed to 12 U.S.C. § 1821(d)(2)(A)(i), which provides that the FDIC succeeds to all rights, titles, powers and privileges of any stockholder. The court concluded that, since stockholders

may prosecute claims against bank directors and officers based upon less than gross negligence, Congress obviously intended FIRREA to provide the FDIC with access to the "common law arsenal" available in the state in which the civil action is brought.

Having carefully reviewed the plain language of Section 1821(k) and the cases addressing this issue, the Court concludes that Section 1821(k) does not preclude the FDIC from alleging causes of action against bank directors and officers of federally insured depository institutions for conduct not amounting to gross negligence. The Court concurs with the *McSweeney* court that the first sentence is not exclusive. Because the first sentence is not exclusive, it logically follows that the phrase "other applicable law" in the second sentence includes state law which provides for a lesser standard of fault than gross negligence. The Court disagrees with the *Canfield* and *Swager* courts that by construing the second sentence to include such state law, the first sentence is rendered meaningless. Under the court's reading of Section 1821(k), the FDIC is permitted to sue bank directors and officers for grossly negligent and intentional tortious conduct, which it could not do in some states prior to FIRREA, and it is permitted to sue bank directors and officers for lesser wrongful conduct, which it could do in some states, including Oklahoma, prior to FIRREA. The Court concludes that its construction of Section 1281(k) comports with the stated purposes of FIRREA, which include strengthening the enforcement powers of federal regulators of depository institutions, and strengthening the civil sanctions available for damaging depository institutions. Pub.L. 101–73, § 101(9) & (10).

The Court also disagrees with the reasoning of the *Canfield* and *Swager* courts that had Congress intended "other applicable laws" to include state law, it would have specifically referred to state law. The Court concludes that Congress intended "other applicable laws" to include both federal and state laws. Thus, it was not necessary for Congress to specifically refer to state law. In addition, the *Canfield*

court concluded that the phrase "other applicable laws" only referred to other sections of FIRREA. However, if the reasoning of this court were followed, the phrase "other applicable laws" should have stated "under this Act" or "under this Chapter" or "under this Title". And if suggested by the *Swager* court that "other applicable laws" referred only to federal law, the phrase should have stated "Federal law".

The Court further disagrees with these courts that the final sentence strongly suggests that Congress intended Section 1821(k) to impair some of the rights of the FDIC and that the use of the phrase "other applicable law" makes sense only if Section 1821(k) impairs the FDIC's rights under some law. The Court does not conclude that the use of the term "impair" indicates that Section 1821(k) impairs the rights of the FDIC. The Court simply concludes that the final sentence indicates Congress' intent that the first sentence of Section 1821(k) would not impair or affect other state or federal laws. Thus, the Court concludes that the final sentence preserves the statutory and common law of states, like Oklahoma, which allow civil actions based on ordinary negligence.

In *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990), the Court stated that the starting point for the interpretation of a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. *Id.* This Court has reviewed the legislative history of Section 1821(k) and concludes that there is no clearly expressed legislative intent which conflicts with the Court's understanding of the plain language of Section 1821(k). Therefore, the Court concludes that the plain language is conclusive.

Accordingly, the Court finds that the Section 1821(k) does not preclude the FDIC from asserting causes of action against the defendants for alleged conduct amounting to less than gross negligence. The defen-

dants' Motion to Partially Dismiss First Amended Complaint is therefore DENIED.