12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben T. HERNANDEZ, Plaintiff-Appellant,
v.
James H. GOMEZ; Charles D. Marshall, Warden; and Briddle,
Defendants-Appellees.
 No. 93-15890.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben T. Hernandez, a California state prisoner, appeals pro se the district court's order granting the defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Hernandez contends that his constitutional rights were violated when defendants allegedly disrupted and excessively delayed the delivery of his personal mail. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 We review de novo the district court's grant of summary judgment. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1989). Summary judgment is appropriate only where no genuine issues of material fact exist and the moving party is entitled to prevail as a matter of law. Vucinich v. Paine, Webber, Jackson & Curtis, Inc., 739 F.2d 1434, 1436 (9th Cir.1984) (per curiam). We affirm.
 
 
 4
 To state a cause of action under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). While prisoners are entitled to the protection of the Constitution, Turner v. Safley, 482 U.S. 78, 84 (1987), a prison regulation will be upheld if it is reasonably related to a penological interest. Thornburgh v. Abbott, 490 U.S. 401, 404 (1989). In the interest of prison security, prison officials may open and inspect non-legal mail addressed to an inmate without the inmate's presence. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Procunier v. Martinez, 416 U.S. 396, 412-13 (1974); Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir.), cert. denied, 488 U.S. 898 (1988).
 
 
 5
 Here, Hernandez was identified as a member of the Mexican Mafia. As a gang member, prison officials have cause to screen his nonconfidential mail pursuant to 15 C.C.R. Sec. 3138(a). The screening of gang members' non-legal mail allows prison officials to infiltrate a gang's organized illegal activities, prevent the smuggling of drugs into the institution, and protect the security of staff and inmates. As a result, the control and inspection of prisoner mail causes occasional delays in its delivery. Because of Hernandez's status as a gang member, and the prison's need to monitor gang-related activities for the protection of the institution, the prison's disruption and delay of his nonconfidential mail does not give rise to a Sec. 1983 claim. See Wolff, 418 U.S. at 576-77; Procunier, 416 U.S. at 412-13 (1974); Mann, 846 F.2d at 591. Accordingly, the district court's did not err by granting summary judgment for the defendants. See Vucinich, 739 F.2d at 1436.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. FedR.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3