The **RESOLUTION TRUST CORPORATION**, in its Corporate Capacity, Plaintiff,

v.

**Robert J. DiDOMENICO, George Elkins, Emanuel Solomon, Joseph DiOrio, Sr., Robert P. Turnbull, Donald B. Vass, Charles D. Worthington, Joseph J. Caucino, John C. Rowe, Steven E. Brady, Joseph M. Skowronski, Anthony L. Salvitti, Salvitti & Son, and Deloitte & Touche, Defendants.**

**Civil No. 91–5045(JBS).**

United States District Court, D. New Jersey.

Oct. 29, 1993.

Peter S. Pearlman, Cohn, Lifland, Pearlman, Hermann & Knopf, Saddle Brook, NJ, for plaintiff.

Adam N. Saravay, Jeffrey W. Lorell, Clapp & Eisenberg, Newark, NJ, for defendant Donald B. Vass.

Thomas F. Bradley, Hankin, Sandson & Sandman, Atlantic City, NJ, for defendant Steven E. Brady.

Salvatore Perillo, Perillo & Rosenberger, Linwood, NJ, for defendants Joseph DiOrio, John C. Rowe, Emanuel Solomon and Charles D. Worthington.

Richard J. Bortnick, White & Williams, Philadelphia, PA, for defendant Joseph M. Skowronski.

Jeffrey A. Pott, Gary Battistoni, Drinker, Biddle & Reath, Philadelphia, PA, for defendant Robert J. DiDomenico.

## OPINION

SIMANDLE, District Judge:

Before the court is the motion by defendant, Donald B. Vass ("Vass"), to dismiss Count II of the Second Amended Complaint for failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for partial summary judgment on Count II pursuant to Fed. R.Civ.P. 56. Count II asserts that Vass, an outside director, negligently breached his fiduciary duty to Action Savings Bank, SLA ("Action"). On this motion the court must determine whether, as defendant Vass maintains, state law claims of simple negligence against a director of a failed thrift are statutorily preempted as a matter of law pursuant to 12 U.S.C. § 1821(k). In the alternative, Vass seeks partial summary judgment on the Count II of the Second Amended Complaint for negligent breach of fiduciary duty. In support of his partial summary judgment motion, Vass contends that the claim for negligent breach of fiduciary duty against a director is not cognizable under New Jersey law, because pursuant to *N.J.S.A.* 17:12B–38.1, *N.J.S.A.* 14A:2–7(3) and the terms of Action's certificate of incorporation, the directors of Action are insulated from personal liability. Defendants Steven E. Brady, Joseph DiOrio, John C. Rowe, Emanuel Solomon, Charles D. Worthington, Joseph M. Skowronski, and Robert J. DiDomenico, each of whom was a director of Action, join in defendant Vass's motion. Defendant Joseph M. Skowronski, a former officer but not a director of Action, also joins defendant Vass's motion.[1]

---

1. For reasons discussed below, Mr. Skowronski's motion is decided with respect to whether 12 U.S.C. § 1821(k) precludes state law simple negligence claims against an officer of a failed thrift.

His motion is dismissed without prejudice to the extent he seeks partial summary judgment dismissing Count II of the Second Amended Complaint, because as an officer of a failed thrift his

## Background

According to the Second Amended Complaint (filed December 30, 1992), plaintiff Resolution Trust Corporation (RTC) alleges that Anchor Savings and Loan Association was established as a New Jersey chartered mutual in 1943, and that Anchor was converted to a New Jersey chartered savings and loan association in 1987, changing its name to Action Savings Bank, SLA in 1989. In 1990, the Office of Thrift Supervision determined that Action Savings Bank, SLA ("Failed Action") was insolvent, and it appointed RTC as its Receiver and created Action Federal Savings Bank ("New Action") as a federally chartered savings and loan association. New Action was placed into conservatorship, with RTC acting as its conservator. On that same date, November 15, 1990, Failed Action transferred certain of its assets to New Action, including the causes of action RTC asserts herein. On October 25, 1991, New Action was placed into receivership, and RTC in its corporate capacity acquired certain New Action assets including these causes of action. RTC asserts that it brings this action in its corporate capacity as the purchaser and assignee from the RTC as Receiver for New Action of these causes of action, and as successor to the rights of Action and of Action's depositors, shareholders and creditors with respect to the assets of Action.

This court has jurisdiction pursuant to 12 U.S.C. § 1441a(*l*)(1) and 28 U.S.C. § 1331.

Mr. Vass was an outside director of Action, a New Jersey chartered stock savings and loan association, from February 1986 until the Resolution Trust Corporation ("RTC") was appointed as Action's receiver on November 15, 1990. (Pl.Second Am.Compl. ¶¶ 1–2, 15.) The RTC has sued Action's former directors and certain of its former officers for negligently conducting Action's business affairs. Two causes of action are asserted against Vass and the other directors, one for gross negligence (Count I) and one for simple negligence (Count II). Count II, at issue in the present motion, asserts that each of the directors and officers

exposure to these claims may differ, under Anchor's certificate of incorporation and under

"was negligent in the fulfillment of his fiduciary duty of care" to Action. (Pl.Second Am.Compl. ¶ 117.) Vass now moves, and numerous defendants join his motion, to dismiss the simple negligence count of the complaint for failure to state a claim on which relief can be granted, alleging that state law claims for simple negligence are preempted by 12 U.S.C. § 1821(k); or in the alternative, for partial summary judgment, because pursuant to New Jersey law and the terms of Action's certificate of incorporation, Action's directors are insulated from claims of breach of fiduciary duty.

## Discussion

### I. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A district court must accept as true the facts pleaded in the complaint and any and all reasonable inferences derived from those facts. *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1400 (3d Cir.1991); *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F.Supp. 1100, 1107 (D.N.J.1991); *Gutman v. Howard Sav. Bank*, 748 F.Supp. 254, 260 (D.N.J.1990).

It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir.1977); *In re Midlantic Corp. Shareholder Lit.*, 758 F.Supp. 226, 230 (D.N.J. 1990). The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted ·basis for

New Jersey law, from that of the directors.

relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 1725 n. 3, 80 L.Ed.2d 196 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## II. *Preemption of State Law Simple Negligence Claims by 12 U.S.C. § 1821(k)*

█ Defendant Vass asserts that the language of 12 U.S.C. § 1821(k) of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") creates a national, uniform gross negligence standard of liability against Savings and Loan Association officers and directors, thereby preempting all state law negligence claims with a lesser standard.[2]

Many courts have wrestled with the preemptive reach of FIRREA generally, and of § 1821(k) in particular, and no clear consensus has been forthcoming. Several courts have found that § 1821(k) has no preemptive effect on either federal or state law. *F.D.I.C. v. Nihiser*, 799 F.Supp. 904 (C.D.Ill. 1992); *F.D.I.C. v. Black*, 777 F.Supp. 919

(W.D.Okla.1991); *F.D.I.C. v. McSweeney*, 772 F.Supp. 1154 (S.D.Cal.1991), *aff'd*, 976 F.2d 532 (9th Cir.1992). Other courts have held that § 1821(k) preempts both federal and state law on the standard of liability. *F.D.I.C. v. Swager*, 773 F.Supp. 1244 (D.C.Minn.1991). Finally, several courts have ruled that the § 1821(k) preempts federal common law but not state common or statutory law. *RTC v. Farmer*, 823 F.Supp. 302 (E.D.Pa.1993); *F.D.I.C. v. Mintz*, 816 F.Supp. 1541 (S.D.Fla.1993); *F.D.I.C. v. Miller*, 781 F.Supp. 1271 (N.D.Ill.1991); *F.D.I.C. v. Isham*, 777 F.Supp. 828 (D.Colo.1991); *see also F.D.I.C. v. Canfield*, 967 F.2d 443 (10th Cir.) (en banc), *cert. dismissed*, — U.S. ——, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992). This court finds the third construction of § 1821(k) to be most persuasive, and holds that the most reasonable interpretation is that state common or statutory law simple negligence claims are not preempted by § 1821(k).[3]

█ This holding is consistent with the proper analysis for determining whether Congress intended the preemption of state law by federal statute.[4] It is well established

---

**2.** 12 U.S.C. § 1821(k) provides:

**(k) Liability of directors and officers**

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—

    **(1)** acting as conservator or receiver of such institution,

    **(2)** acting based upon a suit, claim or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or

    **(3)** acting based upon a suit, claim or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1983 of this title,

for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

12 U.S.C. § 1821(k).

**3.** Defendant Vass's motion does not indicate whether any federal common law claims for simple negligence have been asserted against him. Thus, the issue of preemption of federal common law simple negligence claims is not before us on this motion. However, this court notes with approval the consistent reasoning of *RTC v. Farmer*, 823 F.Supp. 302, 307 (E.D.Pa.1993) and *F.D.I.C. v. Mintz*, 816 F.Supp. 1541, 1545 (S.D.Fla.1993), that when Congress established the federal gross negligence standard it intended to preempt lesser federal common law standards of liability.

**4.** In support of his position that § 1821(k) was intended by Congress to create a national, uniform gross negligence standard preempting state law claims, defendant Vass contends that the reasoning of the Third Circuit in *F.D.I.C. v. Blue Rock Shopping Center, Inc.*, 766 F.2d 744 (3d Cir.1985), is applicable. In *Blue Rock*, the Third Circuit determined that federal common law applied in a suit by the FDIC resolving whether a co-maker of a negotiable instrument can assert the defense of unjustifiable impairment of collateral against the FDIC. *Id.* at 748.

However, one sub-issue in *Blue Rock* was whether federal common law or state law was

that there exists an assumption that state law is only superseded by federal law when such is "the clear and manifest purpose of Congress." *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *City of Milwaukee v. Illinois,* 451 U.S. 304, 316, 101 S.Ct. 1784, 1792, 68 L.Ed.2d 114 (1980). Congress can clearly indicate the application of state law standards when it wishes, and in fact did so in establishing the applicable standards for gross negligence under § 1821(k).[5] However, an indication of a "clear and manifest purpose of Congress" to preempt all state law simple negligence claims is not evident from the language of the statute, particularly in light of the "saving clause" language that: "Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law." 12 U.S.C. § 1821(k).[6] Preempting all lesser state law standards of negligence would leave the saving clause virtually empty. Statutory construction must strive to give meaning to each element of the statute in a sensible manner which does not render it superfluous. *See United States v. Smith,* 499 U.S. 160, 183, 111 S.Ct. 1180, 1194, 113 L.Ed.2d 134 (1991) (citing *United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984)); *see also* 2A N. Singer, *Sutherland Statutory Construction* § 46.06 (5th ed. 1992). This construction, under which § 1821(k) does not preempt state common law or state statutory negligence claims against officers and directors, is also most consistent with preserving such tort liability as states have imposed upon bank directors

and officers while assuring that, whether or not a state has chosen to do so, such conduct will also be governed by the § 1821(k) gross negligence standard. States thus remain free to impose stricter liability—in terms of a simple negligence standard, for example—if they choose to do so.

Therefore, given the absence of a clear indication by Congress to preempt state law liability standards, the court finds that the RTC's state claims for negligent breach of fiduciary duty are not preempted by § 1821(k).

### III. *Motion for Partial Summary Judgment*

In the alternative, Vass requests that this court rule as a matter of law that the claim for negligent breach of fiduciary duty in Count II of the Second Amended Complaint against Action directors is not cognizable under New Jersey law, because the certificate of incorporation insulates Action directors from breach of duty claims which do not fall under a statutorily enumerated exception. Because we hold that § 1821(k) does not preempt state law claims by the RTC for negligent breach of fiduciary duty against directors of a failed thrift, we must now decide if the claim is viable under New Jersey law and the terms of the certificate of incorporation.

### A. *Summary Judgment Standard*

The standard for granting summary judgment is a stringent one. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

the source of the appropriate rule of decision, *id.* at 747, and, applying the factors in *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), one consideration was "whether the nature of the federal program requires national uniformity" *Blue Rock,* 766 F.2d at 748. Defendant would extrapolate this consideration of uniformity into the raison d'etre of FIRREA. The narrow issue before the court today is whether § 1821(k) works preemption on state law negligence claims against directors and officers. Thus, defendant's reliance on *Blue Rock* is misplaced.

**5.** Both plaintiff and defendant point to contradictory legislative history to support their respective

positions on the preemptive effect of § 1821(k) on state law claims. As other courts have noted, the "legislative history is contradictory and certainly not dispositive." *F.D.I.C. v. Mintz,* 816 F.Supp. 1541, 1545 (S.D.Fla.1993); *see also Canfield,* 967 F.2d at 448 n. 6, 451 n. 8.

**6.** As noted by the Tenth Circuit Court of Appeals in *Canfield,* in *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court read the phrase "applicable nonbankruptcy law" used in 11 U.S.C. § 541(c)(2) to include state and federal law. "Plainly read, the provision encompasses any relevant nonbankruptcy law." *Id.* —— U.S. at ——, 112 S.Ct. at 2247 (quoted in *Canfield,* 967 F.2d at 446 n. 4).

matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the non-moving party. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### B. *N.J.S.A. 14A:2–7(3) and N.J.S.A. 17:12B–38.1*

#### 1. *Rights Asserted by RTC on Behalf of Association and Shareholders*

■ Defendant Vass maintains that even if § 1821(k) does not preempt state law simple negligence claims, he is entitled to summary judgment on Count II of the Second Amended Complaint [7] because Action's certificate of incorporation, in accordance with *N.J.S.A.* 14A:2–7(3) [8] and *N.J.S.A.* 17:12B–38.1,[9] prohibits any such personal liability claim for simple negligence brought by the association or shareholder against a director. Section 12 of Action's certificate of incorporation provides:

> *Liability of Directors.* No director of the association shall be personally liable to the association or its stockholders for damages for breach of any duty owed to the association or its stockholders, except that this Section 12 shall not relieve any director from liability for any breach of duty based upon an act or omission (a) in breach of such person's duty of loyalty to the association or its stockholders, (b) not in good faith or involving a knowing violation of law, or (c) resulting in receipt by such person of an improper personal benefit.

*See* Anchor Savings Certificate of Incorporation (Ex. A to the Cert. of Adam N. Saravay).

---

7. Count II of the Second Amended Complaint alleges that: "Each of the director and officer defendants was *negligent in the fulfillment of his fiduciary duty of care* to Failed Action proximately resulting in damages of a sum not yet determined, but believed to be in excess of $15,000,-000." (Pl. Second Am.Compl. at ¶ 117) (emphasis added).

8. Under the general Corporations Title, *N.J.S.A.* 14A:2–7(3) provides:

**14A:2–7. Certificate of incorporation**

(3) The certificate of incorporation may provide that a director or officer shall not be personally liable, or shall be liable only to the extent therein provided, to the corporation or its shareholders for damages for breach of any duty owed to the corporation or its shareholders, except that such provision shall not relieve a director or officer from liability for any breach of duty based upon an act or omission (a) in breach of such person's duty of loyalty to the corporation or its shareholders, (b) not in good faith or involving a knowing violation of law or (c) resulting in receipt by such person of an improper personal benefit. As used in this subsection, an act or omission in breach of a person's duty of loyalty means an act or omission which that person knows or believes to be contrary to the best interests of the corporation or its shareholders in connection with a matter in which he has a material conflict of interest.

*N.J.S.A.* 14A:2–7(3).

9. Under the section in the Corporations Title pertaining to "Savings and Loan and Building and Loan Associations," 17:12B–38.1 provides:

**17:12B–38.1 Limitation of director or officer liability; amendment to certificate or bylaws**

An association may with the approval of the commissioner, amend its certificate of incorporation or bylaws, by a ⅔ vote of its board present and voting at a duly convened regular or special meeting, to provide that a director or officer shall not be personally liable, or shall be liable only to the extent therein provided, to the association or its members, for damages for breach of any duty owed to the association or its members, except that the provision shall not relieve a director or officer from liability for an act or omission: a. in breach of that person's duty of loyalty to the association or its members; b. not in good faith or involving a knowing violation of law; or c. resulting in receipt by that person of an improper personal benefit. As used in this section, an act or omission in breach of a person's duty of loyalty means an act or omission which that person knows or believes to be contrary to the best interests of the association or its members in connection with a matter in which he has a material conflict of interest.

*N.J.S.A.* 17:12B–38.1.

Defendant Vass contends that, in light of the certificate of incorporation, he cannot be personally liable for breach of duty to the association or shareholders under New Jersey law unless one of the three exceptions applies, namely: 1) breach of the duty of loyalty,[10] 2) intentional violation of law, or 3) receipt of improper personal benefit. Furthermore, he contends that none of the Count II claims asserted against him, and against the other directors who have joined the motion, fall within an appropriate Section 12 exception as a matter of law, and hence his motion for partial summary judgment on Count II of the Second Amended Complaint should be granted.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Moreover, the inferences drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. In determining whether summary judgment is appropriate on this issue, we must determine whether, as a matter of law, there is no genuine issue that the claims alleged against the directors in Count II of the Second Amended Complaint would not be cognizable within one of the liability exceptions provided under the certificate of incorporation and applicable New Jersey law. This requires an examination of the claims alleged in Count II of the Second Amended Complaint, as viewed most favorably to the plaintiff.

Stated succinctly, the RTC alleges that during the time the defendants were directors of Action Savings Bank, they routinely engaged in or permitted a pattern of reckless and negligent management on a variety of speculative real estate and building loans, resulting in substantial losses to Action. (Pl. Second Am. Compl. ¶¶ 26–98, 101–106, 108–113.) Plaintiff alleges, *inter alia*, that defendants, as members of the Action loan committee and the Action board of directors,

repeatedly violated Action's loan policy guidelines by approving and ratifying questionable loans and purchases (Pl. Second Am. Compl. ¶¶ 38, 42, 47, 55, 60, 69, 75, 80, 83, 93–94, 101, 109), disregarded prudent lending practices (Pl. Second Am.Compl. ¶¶ 43, 48, 52, 108), failed to monitor loan disbursement and project progress (Pl. Second Am.Compl. ¶¶ 45, 46, 63, 69, 105–106), unreasonably relied on negligent appraisals in approving loans (Pl. Second Am.Compl. ¶¶ 39–41, 76, 81–82, 98–99, 107), loaned inordinate amounts of money to persons unqualified to undertake particular projects (Pl. Second Am.Compl. ¶¶ 44, 49, 96), and were generally negligent in every aspect of transacting and administering loans. (Pl. Second Am.Compl. ¶¶ 26–49, 64, 71.)

The Second Amended Complaint alleges that these defendants had culpable knowledge in several areas of deficient lending practices. Defendants allegedly knew that Failed Action employed no personnel with the experience and expertise necessary to underwrite speculative acquisition, development and construction loans ("ADC loans") and land loans. (*Id.,* ¶¶ 33–34.) They allegedly knew that the loan committee consistently failed to document multimillion dollar loans, yet the officers and directors routinely ratified the actions of the loan committee. (*Id.* ¶ 35.) They allegedly knew that Ocean Bay Mortgage Company ("OBMC"), a mortgage origination firm, was responsible for brokering between 27–30% of Failed Action's ADC loans and land loans, deriving much of its income from the brokering, and yet the defendants permitted OBMC to perform the dual and conflicting roles of broker and underwriter with disastrous consequences, approving non-creditworthy loans sponsored by OBMC; namely, of the approximately $10,-150,071 in outstanding OBMC—originated loans for ADC or land purchases, only $140,-000 were current in payment status as of July 1, 1991, with an average length of delin-

---

**10.** Section 12 does not replicate the last sentence of *N.J.S.A.* 14A:2–7 and *N.J.S.A.* 17:12B–38.1, defining an actionable breach of the duty of loyalty under the statute as "an act or omission which that person knows or believes to be contrary to the best interests of the corporation or its shareholders in connection with a matter in

which he has a material conflict of interest." *N.J.S.A.* 14A:2–7, *N.J.S.A.* 17:12B–38.1. However, in determining the reach of the certificate of incorporation provision, we will look to the authorizing statute for the applicable standard. *N.J.S.A.* 14A:2–7 and *N.J.S.A.* 17:12B–38.1.

630

quency of 449 days. (*Id.,* ¶ 36.) Defendants continued to rely on the services of one appraiser—Roy Hackenberg—even though they allegedly knew him to be incompetent. (*Id.,* ¶ 40.) The director and officer defendants allegedly knew that little if any construction activity was taking place on certain large projects, yet they permitted Failed Action to continue to disburse advance funds. (*Id.,* ¶ 46.) These defendants allegedly knew that approving business decisions of borrowers to retain ownership of completed units in ADC projects, in hopes of attaining higher profits through appreciation rather than selling the completed units, increased Failed Action's risks and exposure on such ADC loans. (*Id.* ¶ 47.) These defendants allegedly knowingly granted loans to OBMC principals, including Michael Miscio, far in excess of Failed Action's tangible net worth and thus in violation of applicable statutes and regulations regarding loan concentrations and lending to affiliated persons. (*Id.,* ¶¶ 49–50.) Specific loan approvals and renewals by these defendants are alleged in the Second Amended Complaint at ¶¶ 54–113 with respect to the Ocean 21, Legacy Inn, Anchor/Caucino, Meadows Associates, Toms River Branch ("C & M Associates") and Shore Dolphin development projects, each of which resulted in substantial losses to Failed Action.

Count I of the Second Amended Complaint incorporates all substantive allegations by reference and alleges that each of the director and officer defendants "engaged in a pattern of conduct constituting recklessness and gross negligence in violation of the fiduciary duty of care they owed to Failed Action. The gross negligence of the director and officer defendants resulted in damages in a sum not yet determined, but believed to be not less than $15 million." (*Id.,* ¶ 115.) Count I, which is not the subject of the present motion, states a cause of action for gross negligence under 12 U.S.C. § 1821(k), *supra.*

Count II, on the other hand, is the subject of this motion for partial summary judgment. Count II realleges and incorporates the prior substantive allegations, and it adds:

Each of the director and officer defendants was negligent in the fulfillment of his fiduciary duty of care of Failed Action proximately resulting in damages of a sum not yet determined, but believed to be in excess of $15,000.00.

*Id.,* ¶ 117.

Upon the face of ¶ 117, Count II alleges only that each director was "negligent in the fulfillment of his fiduciary duty of care." With respect to a claim against the bank's directors asserted by RTC on behalf of the failed bank and its shareholders, this allegation of negligent breach of fiduciary duty fails to rise to the level of culpability required under New Jersey law at *N.J.S.A.* 14A:2–7 and *N.J.S.A.* 17:12B–38.1, *supra,* because it fails to allege that the bank's directors acted in at least one of the three statutorily proscribed ways. These statutes preclude such director liability for breach of duty owed to the association and its members, upon due enactment of an amended certificate of incorporation as in the present case, with only three exceptions. The first exception for "breach of that person's duty of loyalty to the association or its members," *N.J.S.A.* 17:12B–38.1, *supra,* is further qualified and limited to provide director liability for "an act or omission which that person knows or believes to be contrary to the best interests of the association or its members in connection with a matter in which he has a material conflict of interest." *Id.* Paragraph 117 of Count II of the Second Amended Complaint does not allege that the breach of duty was accompanied by these two elements of (a) knowledge or belief that the act was contrary to the bank's or its shareholders' best interests (b) occurring in connection with a matter in which the director has a material conflict of interest. Therefore, ¶ 117 as presently drawn does not pass muster under the first exception of *N.J.S.A.* 17:12B–38.1.

Similarly, ¶ 117 of Count II of the Second Amended Complaint does not allege that a director's breach of duty was "not in good faith or involving a knowing violation of law," as required by the second exception to *N.J.S.A.* 17:12B–38.1, *supra.* "Negligent" breach, as currently alleged, does not rise to

the level of "not in good faith," much less a "knowing violation of law," which must be asserted to state a claim under this aspect of section 17:12B–38.1.

Finally, ¶ 117 of Count II of the Second Amended Complaint fails to allege that the director defendants breached a duty which "result[ed] in receipt by that person of an improper personal benefit." Such an allegation is required to state a claim on behalf of the bank and its shareholders against a director under the third aspect of section 17:12B–38.1, *supra.* Again, the allegation of merely "negligent" breach of duty does not suffice.

As presently constituted, Count II of the Second Amended Complaint at ¶ 117 states at most a claim for negligent breach of fiduciary duty for which a bank's directors may not be held liable to the association or its members under New Jersey law, and therefore the present Count II of the Second Amended Complaint will be dismissed as to these directors for failure to state a claim upon which relief may be granted.

Although the present allegation of negligent breach of fiduciary duty is insufficient against those directors, this court must be wary of extinguishing the RTC's right to seek relief on behalf of the association or its shareholders against any director who may be found to have acted contrary to *N.J.S.A.* 17:12B–38.1, *supra.* The present Second Amended Complaint contains various factual allegations of knowing misconduct by director defendants, including those catalogued above. Such knowledge or belief in the breach of fiduciary duty could serve as an element of one or more aspects of director liability under *N.J.S.A.* 17:12B–38.1. For example, if the breach of duty is accompanied by culpable knowledge rising to the level of bad faith or a knowing violation of law, a claim could be stated under the second aspect of *N.J.S.A.* 17:12B–38.1. Similarly, if the breach of fiduciary duty resulted in the director's receipt of an improper personal benefit, a claim under the third aspect of this statute could be stated. One simply cannot tell, nor is a director defendant placed on suitable notice of such circumstances, wheth-

er RTC's Second Amended Complaint means to assert such claims for culpable breach of fiduciary duty, and, if so, against which directors for which specific acts of misconduct.

█ Such judicial caution is required because the court has the duty to examine the complaint to determine if the allegations may provide for relief on any possible legal theory. *Bowers v. Hardwick,* 478 U.S. 186, 202, 106 S.Ct. 2841, 2850, 92 L.Ed.2d 140 (1986). The Supreme Court has cautioned that a cause of action should not be dismissed at the pretrial stage if it merely appears that the plaintiff cannot obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted under a differently-stated legal theory. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Where the articulated claim fails to state a cognizable cause of action but facts are alleged which may appropriately provide a basis for a different claim, the articulated claim may be dismissed without prejudice to permit plaintiff to seek leave to amend to cure a formal defect in pleading if plaintiff is able to do so. This is so for reasons best stated in 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357 at 361–367 (2d ed. 1990) [footnotes omitted] as follows:

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading.

In short, it is unclear, and perhaps quite doubtful, whether the RTC can plead and prove a cause of action against any director within the requirements of the director liability statute at *N.J.S.A.* 17:12B–38.1. The RTC's present claim in Count II on behalf of the bank and its shareholders against the director defendants is indeed defective, and will be dismissed without prejudice to RTC's right to seek leave to amend this pleading to state a claim against one or more directors

consistent with the discussion herein.[11] Any such motion for leave to amend must be filed within twenty (20) days hereof, or such opportunity to amend will be deemed waived herein.

### 2. Rights Asserted by RTC on Behalf of Depositors

Plaintiff RTC responds that even if a personal liability of defendant Vass is precluded by Section 12 of the certificate of incorporation for some level of negligent conduct, this section *only* proscribes breach of duty claims against directors by the association or the shareholders. The RTC, plaintiff contends, also stands in the shoes of the depositors of the failed institution [12] and nothing in Section 12, or under New Jersey law, precludes a claim by the institution's depositors against officers and directors for state law negligence claims. (Pl.Br. at 7.) In support of the proposition that a claim by depositors against directors for simple negligence is available under New Jersey law, the RTC cites *Francis v. United Jersey Bank*, 87 N.J. 15, 36, 432 A.2d 814 (1981), and *Campbell v. Watson*, 62 N.J.Eq. 396, 407, 50 A. 120 (1901). At best, these cases provide tenuous support for the proposition that directors of a failed thrift owe a duty of care to depositors

resulting in a cognizable claim for simple negligence, when an identical claim is barred by the association and shareholders. In *Francis*, the New Jersey Supreme Court remarked:

> While directors may owe a fiduciary duty to creditors also [as to the corporation and its stockholders], that obligation generally has not been recognized in the absence of insolvency. *Whitfield, supra*, 122 N.J.Eq. [332] at 342, 345 [192 A. 48]. With certain corporations, however, directors are seemed to owe a duty to creditors and other third parties even when the corporation is solvent. Although depositors of a bank are considered in some respects to be creditors, courts have recognized that *directors may owe them a fiduciary duty*. See *Campbell, supra*, 62 N.J.Eq. at 406–407 [, 50 A. 120].

*Francis v. United Jersey Bank*, 87 N.J. 15, 36, 432 A.2d 814 (1981).

Defendant's reply brief vaguely counters the proposition of director liability to depositors for simple negligence with two propositions: 1) that although the RTC is authorized to be subrogated on depositor claims, FIR-REA also provides that depositor claims are actionable only against the bank, and not the directors; [13] and 2) the RTC has not demon-

---

**11.** The disposition of this motion affects only the claims against the moving defendants in Count II who are directors, namely defendants Vass, Brady, DiOrio, Rowe, Solomon, Worthington, and DiDomenico. Other directors—defendants Turnbull and Caucino—did not join in the present motion. Another defendant, Joseph M. Skowronski, joined in the motion but was an officer, not a director, and his motion to dismiss Count II has been dismissed without prejudice because he has not addressed the appropriate arguments with respect to bank officer liability; because Failed Action's Certificate of Incorporation appears to extend protection from liability for negligent breach of fiduciary duty explicitly to directors but not to officers of the bank, Skowronski cannot claim the benefit of the statutory exemptions under *N.J.S.A.* 14A:2–7(3) & 17:12B–38.1, *supra*. If RTC seeks leave to amend its Second Amended Complaint as against the successful movants herein consistent with this opinion, it may be wise for it to consider the inclusion of non-movants in its proposed amendment to avoid unnecessary motion practice.

**12.** 12 U.S.C. § 1821(d)(2) provides:
  **(2) General Powers**
   **(A) Successor to institution**

The Corporation shall, as conservator or receiver, and by operation of law, succeed to—
  (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
  (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.
12 U.S.C. § 1821(d)(2).

**13.** In support of limiting depositor actions against the bank only, defendant notes the language of 12 U.S.C.A. § 1821(g)(1) which provides that in the case of payment of insured deposits:

Notwithstanding any other provision of Federal law, the law of any State, or the constitution of any State, the Corporation, upon payment to any depositor as provided in subsection (f) [payment of insured deposits] of this section in connection with any insured depository institution or insured branch described in such subsection or the assumption of any deposit in such institution or branch by another insured

strated that it actually paid any depositors in order to have acquired the right of subrogation for any claim.

This court finds that the issue of whether the RTC, standing in the shoes of the depositors, has any claim against a director or officer of a failed thrift for simple negligence, has not been properly raised or sufficiently addressed by the parties to be ripe for decision at this time. The defendant's suggestion that the RTC has not demonstrated that it has perfected its subrogation claim on behalf of depositors is raised for the first time in Defendant's Reply Brief at 13–14. Plaintiff has not had the opportunity to respond. The defendant's original "Statement of Undisputed Material Facts" required by General Rule 12 G (D.N.J.), contains reference only to the certificate of incorporation, above, and it omits reference to any assertion that RTC has not paid depositors' claims.

Therefore, with respect to whether a claim for simple negligence against director Vass by the RTC on behalf of depositors is cognizable under New Jersey law, summary judgment is denied without prejudice so the parties can properly raise and address the issue if necessary.

### Conclusion

For the foregoing reasons, defendant Vass's motion to dismiss state law claims for simple negligence as preempted by 12 U.S.C. § 1821(k) is denied; defendant Vass's motion for partial summary judgment dismissing RTC's claims on behalf of the association and shareholders for negligent breach of fiduciary duty under Count II of the Second Amended Complaint as not cognizable under New Jersey law and Action's certificate of incorporation is granted as to the moving defendant directors Vass, Brady, DiOrio, Rowe, Solomon, Worthington, and DiDomenico, without prejudice to RTC's right in this capacity to seek leave to amend the Second Amended Complaint within twenty (20) days to assert sufficiently particularized claims for culpable breach of duty within the meaning of *N.J.S.A.* 17:12B–38.1, consistent with this

Opinion. The motion is denied without prejudice as to actions by the RTC on behalf of depositors of the failed institution.

Finally, to the extent defendant Skowronski joins in these motions, his motion to dismiss state law claims for simple negligence as preempted by 12 U.S.C. § 1821(k) is denied, and his motion for partial summary judgment to dismiss Count II of the Second Amended Complaint is dismissed without prejudice.

depository institution pursuant to this section or section 1823 of this title, *shall be subrogated to all rights of the depositor against such insti-*

*tution or branch to the extent of such payments or assumption.*
12 U.S.C.A. § 1821(g)(1) (emphasis added).