Heide BETZ, Plaintiff–Appellant,

v.

TRAINER WORTHAM & COMPANY, INC.; David P. Como; First Republic Bank, a Nevada corporation; Robert Vile, Defendants–Appellees.

No. 05–15704.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed May 11, 2007.

Joseph M. Alioto, Esq., Alioto Law Firm, San Francisco, CA, Myron Moskovitz, Esq., Berkeley, CA, for Plaintiff–Appellant.

Sara B. Brody, Esq., Heller Ehrman, LLP, San Francisco, CA, for Defendants–Appellees.

Before: NOONAN, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Heide Betz appeals the district court's summary judgment in favor of David P. Como, Robert Vile, First Republic Bank, and Trainer Wortham and Company (collectively, "defendants") on Betz's claims, under California law, of breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and unfair business practices.[1] The district court held that the claims were barred by the respective statutes of limitations for each of these claims.[2] We reverse and remand each claim to the district court.

## I

First, we hold that Betz's breach of fiduciary duty claim is not, as a matter of law, barred by the statute of limitations. In California, the statute of limitations on a claim for breach of fiduciary duty is four years, see Cal.Code Civ. P. § 343, and begins to run when the plaintiff "discover[s], or in the exercise of reasonable diligence could have discovered" the breach. *Stalberg v. W. Title Ins. Co.*, 230 Cal. App.3d 1223, 1230, 282 Cal.Rptr. 43 (1991). However, under California's "gravamen rule," courts look to the true nature of the plaintiff's suit, rather than the cause of action the plaintiff alleges, to determine the applicable statute of limitations. *See Marin Healthcare Dist. v. Sutter Health*, 103 Cal.App.4th 861, 874–75, 127 Cal. Rptr.2d 113 (2002). The district court determined that the gravamen of Betz's breach of fiduciary duty claim was actually negligence and dismissed Betz's breach of fiduciary duty claim under the two-year statute of limitations applicable to negligence claims under California law. *See* Cal.Code Civ. P. § 339(1).

However, in her complaint, Betz alleges that a fiduciary duty existed between her and the defendants. Indeed, under California law,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In a separately-filed opinion, we address the district court's disposition of Betz's federal securities fraud claim.

2. We review de novo the district court's grant of summary judgment. *Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 877 n. 11 (9th Cir.2006). In deciding a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Federal Rule of Civil Procedure 56(c) entitles a party to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[t]he relationship between broker and principal is fiduciary in nature and imposes on the broker the duty of acting in the highest good faith toward the principal. With respect to stockbrokers it is recognized, [t]he duties of the broker, being fiduciary in character, must be exercised with the utmost good faith and integrity.

*Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal.App.2d 690, 709, 69 Cal.Rptr. 222 (1968) (internal quotations and citations omitted); *see Duffy v. Cavalier*, 215 Cal.App.3d 1517, 1533, 264 Cal.Rptr. 740 (1989) (holding that "the relationship between a stockbroker and his or her customer is fiduciary in nature"). In her complaint, Betz also asserts the defendants breached this fiduciary duty in various ways.

■ In support of their argument that the gravamen of Betz's fiduciary duty cause of action is actually negligence, the defendants rely on *Hydro–Mill Co. v. Hayward, Tilton & Rolapp Insurance Associates, Inc.*, 115 Cal.App.4th 1145, 10 Cal.Rptr.3d 582 (2004). However, in that case, the court held that the gravamen of the plaintiff's fiduciary duty cause of action was negligence because, under California law, "it is unclear whether a fiduciary relationship exists between an insurance broker and an insured." *Id.* at 1156, 10 Cal. Rptr.3d 582. Rather, "[t]he duty of a broker, by and large, is to use reasonable care, diligence, and judgment in procuring the insurance requested by its client." *Id.* at 1157, 10 Cal.Rptr.3d 582 (internal quotation omitted). By contrast, viewing the facts in the light most favorable to Betz, who opposed summary judgment, a fiduciary relationship could exist in this securities case concerning how she decided to invest her capital with Trainer Wortham in an account it would manage.[3] We hold that the gravamen of Count II of Betz's Second Amended Complaint is breach of fiduciary duty and that the claim is not, as a matter of law, barred by the four-year statute of limitations.

## II

We also hold that Betz's claim for breach of the implied covenant of good faith and fair dealing is not barred by the statute of limitations as a matter of law. The district court held that the gravamen of Betz's complaint was that the defendants breached their oral guarantee that she would be able to withdraw $15,000 per month from her account without depleting the principal and that the applicable two-year statute of limitations barred her claim.

■ The statute of limitations for actions alleging breach of an oral agreement is two years from the date the plaintiff discovers or has reason to discover the cause of action. *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 88 (1999). Under this standard, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (1988). However, "where a fiduciary relationship exists, 'facts which would ordinarily require investigation may not excite

---

**3.** The defendants also rely on *Curtis v. Kellogg & Andelson*, 73 Cal.App.4th 492, 503, 86 Cal. Rptr.2d 536 (1999), a case which, like *Hydro–Mill*, held that the gravamen of a claim of breach of fiduciary duty was, in fact, negligence. However, unlike in this case, it does not appear that the plaintiff in *Curtis* alleged any kind of fiduciary duty, but instead alleged a claim of negligence and then relied upon "[e]ssentially the same factual and damage allegations ... as the basis for the separate claim[ ] of breach of fiduciary duty." *Id.* at 497, 86 Cal.Rptr.2d 536.

suspicion, and ... the same degree of diligence is not required.'" *Unpingco v. H.K. Mac. Corp.*, 935 F.2d 1043, 1045 (9th Cir.1991) (alteration in original) (quoting *Dabney v. Philleo*, 38 Cal.2d 60, 237 P.2d 648, 652 (1951)). Under the facts to which Betz testified and under California law, a fiduciary relationship may exist in this case. In light of the defendants' assurances that they would take care of the problems with Betz's account, there is a disputed question of fact regarding when Betz should have suspected wrongdoing and whether the actions of the fiduciary defendants affected Betz's notice of wrongdoing.

## III

█ We also hold that Betz's claim of negligent misrepresentation is not, as a matter of law, barred by two-year statute of limitations that applies to her claim. *See* Cal.Code Civ. P. § 339(1). We held in *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.* that "[u]nder California law, the statute of limitations may be tolled by a broker reassuring his client on concerns relevant to the possible misrepresentation." 739 F.2d 1434, 1436 (9th Cir.1984) (per curiam) (citing *Twomey*, 262 Cal. App.2d at 723–29, 69 Cal.Rptr. 222). Like in *Vucinich*, when Betz was aware of the defendants' wrongdoing and whether the defendants' reassurances affected Betz's awareness are disputed questions of fact.

## IV

█ Finally, we hold that Betz's unfair business practices claim under California

Business and Professions Code section 17200 is not time barred as a matter of law. The statute of limitations for an unfair business practices claim is four years. *See* Cal. Bus. & Prof.Code § 17208. It is an open question under California law whether the discovery rule applies to unfair business practices claims or whether the statute of limitations on those claims begins to run as soon as the claim accrues. *See Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 54 Cal.Rptr.3d 735, 151 P.3d 1151, 1157 n. 7 (2007). Regardless, a claim for unfair business practices is not barred by the four-year statute of limitations if the alleged wrongs are "multiple, continuous acts," some of which occurred within the limitations period. *See Suh v. Yang*, 987 F.Supp. 783, 795 (N.D.Cal.1997). Betz contends that the defendants made continuous misrepresentations from 1999 until June 2002. We thus cannot say that her unfair business practices claim is untimely as a matter of law.[4] We leave it to the district court to consider, on remand, whether the defendants are entitled to summary judgment on the ground that California Business and Professions Code section 17200 does not apply to "securities transactions." *See Bowen v. Ziasun Techs., Inc.*, 116 Cal.App.4th 777, 790, 11 Cal.Rptr.3d 522 (2004).

**REVERSED AND REMANDED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

█

---

**4.** The defendants claim that *Snapp & Associates Insurance Services, Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal.App.4th 884, 117 Cal.Rptr.2d 331 (2002), stands for the proposition that the continuing violation doctrine does not apply to unfair business practices claims under California law. However, it does not appear that the court in *Snapp* directly considered the argument that the plaintiff's claim was not time-barred because it alleged multiple, continuous acts, some of which occurred inside the limitations period. *See id.* at 892, 117 Cal.Rptr.2d 331.